UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE CITY OF SAN ANTONIO, TEXAS, ACTING BY AND THROUGH THE CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, A MUNICIPAL UTILITY, | ) ) ) ) ) | Civil Action No. SA-10-CA-0033-XR |
| Plaintiff, | ) ) ) | *and* |
| VS. | ) ) | |
| NRG ENERGY, INC., NUCLEAR INNOVATION NORTH AMERICA LLC, NINA TEXAS 3 LLC, and NINA TEXAS 4 LLC, | ) ) ) ) ) | Civil Action No. SA-10-CA-0041-XR |
| Defendants. | ) | |

**ORDER**

This case involves a dispute between parties involved in the development of two nuclear reactors at the South Texas Project in Bay City, Texas. Ratepayers Protection Coalition ("RPC") removed this action on December 19, 2010. Plaintiff CPS Energy has filed a motion to remand. After careful consideration, the Court will remand.

**Background**

On December 6, 2009, Plaintiff City of San Antonio, acting by and through the City Public Service Board of San Antonio, a Texas municipal utility ("CPS Energy"), commenced this lawsuit, naming Defendant NINA Texas 3 LLC and NINA Texas 4 LLC, and seeking a declaration of rights under certain written agreements. On December 23, CPS Energy filed its First Amended Petition, naming as Defendants Toshiba Corporation, NRG Energy, Inc., Nuclear Innovation North America LLC, NINA Texas 3 LLC, and NINA Texas 4 LLC, and adding claims for injunctive relief and damages. On January 4, 2010, all parties who had appeared in the action, which included all Defendants except for Toshiba Corporation, entered into an Agreed Scheduling Order. In the Agreed Scheduling Order, the case was to be bifurcated into two phases. Phase One would "address

1

the requests of Plaintiff and NINA Texas 3 LLC and NINA Texas 4 LLC ('the NINA Texas Defendants') for declaratory relief and, in particular, the status of a party's rights upon withdrawal, including but not limited to: a) partition by sale, b) cancellation of the Project, and c) forfeiture of rights and interests to the Project." Phase Two would address "all other claims and defenses," including the claims for damages and injunctive relief. Under the Agreed Scheduling Order, Phase One discovery was expedited (concluding on January 22, 2010), and trial was specially set for January 25, 2010. The Third Amended Petition, filed January 6, 2010, is the live pleading.

On January 11, 2010, the RPC filed a Plea in Intervention in the state court action and, that same day, CPS Energy filed a motion to strike the plea in intervention. The plea in intervention asserted claims for fraud and violations of the Texas Constitution. The Honorable State District Judge Michael Peden held an emergency hearing on January 12, and granted RPC's request for additional time to submit briefing.

On January 15, with the consent of all defendants, Toshiba removed this case pursuant to 9 U.S.C. § 205[1] and 28 U.S.C. § 1446, asserting that Plaintiff's claims against it related to an arbitration agreement under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. In response to Toshiba's Notice of Removal, Plaintiff CPS Energy voluntarily dismissed its claims against Toshiba without prejudice, and filed an Emergency Motion to Remand. On January 18 (a federal holiday), this Court issued an order remanding the case to state court.

On January 19, 2010, RPC filed a First Amended Petition in Intervention (file stamped 8:24 a.m.), in which it added a claim under the United States Constitution. The Amended Plea in Intervention alleges that CPS Energy "conspired to manipulate" the public discussion about the nuclear generators and violated voters' First Amendment right to freedom of speech. Specifically, RPC alleges:

---

[1] "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards], the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.

2

> Intervenor's First Amendment claim originates in a public discussion that the voters of San Antonio engaged in on whether the City of San Antonio should commit financial resources to the construction of two nuclear generators. Intervenors allege that CPS Energy conspired to manipulate that public discussion to produce a commitment to the nuclear option. Intervenors argue that the alleged manipulation denied the voters their First Amendment right to have an informed dialog and a decision by their elected representatives based on accurate information.

First Am. Pet. ¶ 85. At approximately 8:40 a.m., Judge Peden signed an order granting Plaintiff CPS Energy's motion to strike RPC's plea in intervention. That same day, RPC filed a notice of removal at 10:07 a.m., which was docketed as case number SA:10-CV-33. Although the exact time that the Clerk of this Court mailed the certified copy of the remand order is unknown, the docket entry concerning the mailing occurred at 10:53 a.m. Later in the day, RPC filed a second removal, which was docketed as case number SA:10-CV-41. Therein, RPC asserted that Judge Peden's order striking the plea in intervention was entered before the Clerk mailed the certified copy of the remand order, and thus before he regained jurisdiction in the case.[2]

On January 20, 2010, Plaintiff CPS Energy filed an Emergency Motion to Remand. This Court held a hearing at which all parties appeared. Defendants asserted at the hearing that they consent to the removals by RPC. Defendants also asserted that Judge Peden's action striking the plea in intervention was likely void because it was taken before this Court's Clerk mailed the certified copy of the remand order. The Court requested further briefing concerning the propriety of RPC's removal.

## Analysis

RPC removes this action under 28 U.S.C. § 1441(b), asserting federal question jurisdiction under 28 U.S.C. § 1331. RPC asserts that this Court would have original jurisdiction over this case because its Amended Plea in Intervention asserts a claim under the First Amendment.

Plaintiff CPS Energy moves to remand, citing substantive and procedural deficiencies in the removal. CPS argues that the plaintiff's well-pleaded complaint must provide the basis for removal,

---

[2] The Fifth Circuit and the Texas Supreme Court agree that the transfer of jurisdiction occurs when the clerk mails the certified copy of the remand order to the state court pursuant to 28 U.S.C. § 1447(c). *Arnold v. Garlock*, 278 F.3d 426, 437-38 (5th Cir. 2001); *Quaestor Investments v. State of Chiapas*, 997 S.W.2d 226, 228-29 (Tex. 1999).

3

and the intervenor's pleadings cannot do so. CPS further argues that RPC's plea in intervention was struck by Judge Peden before it effected removal, and thus, as a nonparty, it could not remove the case.

The Court notes that, because a motion to remand has been filed, it may remand on any appropriate basis, even though not raised by the motion for remand. *Shexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). However, Plaintiff CPS has raised the argument that RPC improperly removed based on its own alleged federal claim as a basis for remand, and the Court agrees with this argument.

The right to remove a case from a state to a federal court is purely statutory and its scope and the terms of its availability therefore are entirely dependent on acts of Congress. WRIGHT & MILLER, FED. PRAC. & PRO. § 3721. The current statute, which is captioned "Actions removable generally," provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. 1441.

Though not cited as a basis for removal by RPC, the Defendants assert that this case is removable pursuant to § 1441(c) because RPC's First Amendment claim against CPS Energy is a "separate and independent claim or cause of action" that is within the federal-question subject-

4

matter jurisdiction conferred by section 1331.³ Defendants argue that RPC's status as an intervenor should not preclude removal, "particularly given its proper alignment as both third-party plaintiff and defendant in this case."⁴

This case presents a number of difficult questions. However, the Court finds that the answer (so far as the propriety of removal is concerned) is relatively simple: Regardless of whether RPC is an intervenor or an original party, or a defendant or a plaintiff, it cannot remove based upon its own claim. Just as any ordinary plaintiff or defendant cannot remove based upon its own pleading, neither can an intervenor.

Though RPC and the Defendants assert that RPC is most properly aligned with Defendants, it is not a defendant for purposes of removal under § 1441. Section 1441(a) and section 1446(a) limit the right to remove to defendants. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*"); § 1446(a) ("A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court ...."). Further, as noted by Wright & Miller, "[t]he right to remove is further limited by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." WRIGHT & MILLER, FED. PRAC. & PRO. § 3730. In this case, RPC intervened, asserted a federal constitutional claim against the Plaintiff CPS Energy, and then sought removal based on its own claim. If a defendant could not remove based on its own counterclaim, then neither can an intervenor aligned as a defendant.

The fact that the Fifth Circuit permits removal of third-party claims under § 1441(c) does not change this result. The Fifth Circuit has consistently taken a minority position in permitting such removals, holding that "the language of the statute does not require only those causes of action

---

³ The Court notes that, in cases removed under § 1441(c), the statute gives the court discretion to remand all matters in which state law predominates, and thus even if the Court retained RPC's claims, it could exercise its discretion to remand all the original claims between CPS and Defendants to state court.

⁴ The Court notes that, at the hearing, the parties appeared to agree that RPC is most aligned with the Defendants, even though it is only bringing claims (primarily against Plaintiff CPS Energy) and has no claims asserted against it.

5

joined by the original plaintiff to form the basis of removal" and "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal." *Carl Heck Engineers v. Maryland Case. Co.*, 622 F.3d 133, 136 (5th Cir. 1998). The basis for permitting such removals is that the third-party claim would be removable if sued upon alone and it would be unfair to deny removal of a claim that could be independently adjudicated in federal court simply because it is tied to the nonremovable claim. The Court further noted that the removal was particularly justified because the district court could "sever the third-party action and remand the main claim to state court so that removal does not defeat plaintiff's choice of forum." *Id.*

However, in *Carl Heck* and other Fifth Circuit cases permitting removal of third-party claims,[5] it was the third-party defendant, not the third-party plaintiff, who removed the claims, in accord with the statutory requirement that only a defendant may remove. Recognizing this, the Fifth Circuit has expressly noted that "[w]hile a third-party defendant may remove a case to federal court based on the third-party claim, a defendant/third-party plaintiff may not." *Metro Ford Truck Sales v. Ford Motor Co.*, 145 F.3d 320, 327 & n.22 (5th Cir. 1998) (citing *Carl Heck*). The Court noted that, in a § 1441 removal, it is insufficient that a federal question has been raised as a matter of defense or as a counterclaim, and similarly, "[t]he third-party claim, like a defense or counterclaim, is a pleading by the defendant." Thus, just as a plaintiff or a defendant cannot remove on the basis of a federal claim asserted in its own pleading, a third-party plaintiff or a cross-claimant cannot remove on the basis of a federal claim asserted in its own pleading.[6] The fact that RPC claims

---

[5] *See, e.g.*, *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061 (5th Cir. 1992). In *State of Texas v. Walker*, 142 F.3d 813 (5th Cir. 1998), the Fifth Circuit extended *Carl Heck* to permit removal under § 1441(c) by counter-*defendants* who were not parties to the case before the federal claim against them was asserted.

[6] The Court takes a brief moment to address Defendant's citation to the case *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933 (5th Cir. 2005), which Defendants assert contains an "implicit holding" that an intervenor may remove based upon his own claims in intervention. In that case, the pro se plaintiff Armstrong intervened in a legal malpractice action while it was administratively closed in state court, removed the case to federal court, and then moved to amend his complaint in intervention. The district court denied the motion, Armstrong appealed, and the Fifth Circuit affirmed, finding that Armstrong did not meet the federal standards for intervention of right. The question before the Fifth Circuit was whether the district court erred in refusing to allow

alignment with the defendants does not allow it to remove based on its own claim.

Moreover, lest one of the other Defendants attempt to remove on the basis of RPC's First Amendment claim, the Court notes that this removal would also fail. As noted by Wright & Miller, "[a]mong the matters relating to the procedure for removing cases under Section 1441(c) that are uncontroversial are that all, but only, *the defendants to the federal claims that anchor the removal must join in the removal notice*." WRIGHT & MILLER, FED. PRAC. & PRO. § 3722.3 (emphasis added). CPS Energy, the only defendant to the federal claim that anchors the removal, unquestionably does not consent to the removal.

### Plaintiff's Request for Sanctions

Plaintiff moves for sanctions against RPC because it improperly removed the case "based on its own alleged claim of federal question" and because it removed after it was stricken as a party in the underlying case. An order remanding the case may require payment of just costs and any

---

Armstrong to remain as an intervenor in the removed action. *Id.* at 936. Apparently because the Fifth Circuit did not raise the issue of subject-matter jurisdiction, Defendants believe that the Fifth Circuit approved the removal. However, the Court does not agree that this may be inferred.

In the Fifth Circuit, a district court may *sua sponte* remand only if it lacks subject-matter jurisdiction over the removed action, and the Fifth Circuit has construed that to mean that a district court may *sua sponte* remand only if the district court would not have had jurisdiction had the case been originally filed in federal court. *See, e.g.*, *Williams v. AC Spark Plugs*, 985 F.2d 783, 787 (5th Cir. 1993); *In re Allstate*, 8 F.3d 219 (5th Cir. 1993). A procedural defect is any defect that does not go to the question whether the case originally could have been brought in federal district court, and all procedural defects must be raised by a timely motion to remand or they are waived. No motion to remand was filed in *Armstrong*. Thus, so long as the case removed to federal court by the intervenor presented a basis for original jurisdiction (diversity or federal question), even if the intervenor removed based on his own claims, the defect would have been a waivable procedural defect, not a bar to the court's exercise of subject-matter jurisdiction.

Further, to the extent CPS attempts to rely on *Schexnayder v. Entergy*, 394 F.3d 280 (5th Cir. 2004), that reliance is also misplaced. Fear Farm intervened in the case in state court and asserted a federal claim against Entergy. Entergy removed the case, based on the newly asserted federal claim against it. Plaintiff Schexnayder moved to remand. The district court remanded in *Schexnayder* on two grounds – it found the removal untimely and it rejected Entergy's argument that it could base the removal petition on Fear Farm's intervening federal claims (which the Fifth Circuit characterizing as a finding of lack of subject-matter jurisdiction). Under section 1447(d), the district court's grounds for remand were unreviewable by the Fifth Circuit; the Fifth Circuit simply held that the court could remand on an allowable basis under section 1447(c), of which lack of subject-matter jurisdiction is one. It did not hold that the district court correctly found that it lacked subject-matter jurisdiction, as such a holding was precluded under section 1447(d).

7

actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

RPC removed the first time before it was aware of the order striking it, and raised a colorable legal argument that the order striking the intervention was void when it removed the second time. Further, though the Court has found the resolution of the issue to be relatively simple, the many nuances of the removal in this situation compel the Court to deny the motion for fees.

## Conclusion

Plaintiff CPS Energy's Emergency Motion to Remand (docket no. 3) is GRANTED, but its request for sanctions is denied. Remand is ordered under § 1447(c).

It is so ORDERED.

SIGNED this 21st day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE